# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LINDA QUINLAN

**DEFENDANTS**

SEMRUSH, INC.

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Suffolk
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.  ("Title VII"); 29 U.S.C. §621, et seq. ("ADEA"), 43 P.S. § 951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against her former employer for discrimination,retaliation and harrasment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
December 10, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Trevose, PA 19053 _____

---

*RELATED CASE IF ANY:* Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  *see certification below*
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____
     _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LINDA QUINLAN | : | CIVIL ACTION |
| PLAINTIFF, | : | |
| | : | |
| SEMRUSH, INC. | : | NO. |
| DEFENDANTS. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( X )

December 10, 2025

_____          _____          Plaintiff, Linda Maria Quinlan
**Date**                          **Attorney-at-law**              **Attorney for**

(215) 545-7676                    (215) 565-2859                    schiff@consolelaw.com

**Telephone**                     **FAX Number**                   **E-Mail Address**

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA QUINLAN<br>Horsham, PA 19044<br><br>                    *Plaintiff,*<br>    v.<br><br>SEMRUSH INC.<br>800 Boylston Street<br>Suite 2475<br>Boston, MA 02199<br><br>                    *Defendant.* | **CIVIL ACTION NO.:**<br><br><br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

### I.    INTRODUCTION

Plaintiff, Linda Quinlan ("Plaintiff"), brings claims against her former employer, Semrush, Inc. ("Defendant"). For unlawful sex and age discrimination, retaliation, and harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").   Plaintiff seeks all damages allowable at law, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

### II.    PARTIES

1.    Plaintiff, Linda Quinlan, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Horsham, Pennsylvania.

2.    Plaintiff was born in August 1967.

1

3.      Plaintiff is female.

4.      Defendant Semrush, Inc. is a corporation maintaining a place of business located at 800 Boylston Street, Suite 2475, Boston, Massachusetts 02199.

5.      During the course of Plaintiff's employment, she worked out of Defendant's then existing office located at 3800 Horizon Boulevard, Suite 401, Trevose, Pennsylvania 19053.

6.      At all relevant times, Defendant employed well in excess of twenty (20) employees.

7.      At all relevant times, Defendant acted by and through its authorized employees and agents, acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9.      At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.  JURISDICTION AND VENUE

10.     The causes of action which form the basis of this matter arise under Title VII, the ADEA, and the PHRA.

11.     This Court has jurisdiction over Count I (Title VII) and Count II (ADEA) pursuant 28 U.S.C. §1331.

12.     This Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

2

14.     On or about March 28, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's first agency complaint.

15.     On or about September 4, 2024, Plaintiff filed a second complaint of discrimination with the PHRC, cross-filed with the EEOC, complaining of additional acts of discrimination and retaliation alleged herein. Attached hereto and incorporated herein as Exhibit "2" is a true and correct copy of Plaintiff's second agency complaint.

16.     On or about September 15, 2025, the EEOC issued Plaintiff a Notice of Right to Sue pertaining to Plaintiff's first agency complaint. Attached hereto as Exhibit "3" is a true and correct copy of that Notice.

20.     On or about September 15, 2025, the EEOC issued Plaintiff a Notice of Right to Sue pertaining to Plaintiff's second agency complaint. Attached hereto as Exhibit "4" is a true and correct copy of that Notice.

21.     This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Right-to-Sue notices issued by the EEOC on September 15, 2025.

22.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

23.     Plaintiff was hired by Defendant on or about February 8, 2021.

24.     Plaintiff held the position of Sales Manager.

25.    She consistently performed her job duties in a highly competent manner and received positive feedback.

26.    For example, at the time of her termination, Plaintiff was the top performing Sales Manager.

27.    Plaintiff reported to Jared Krimmel (male), Vice President of Sales. Krimmel reported to Channing Ferrer (male), Chief of Sales.

28.    Plaintiff was the oldest employee directly reporting to Krimmel and the only female employee reporting to Krimmel.

29.    Plaintiff was treated differently, worse, and in a more hostile and dismissive manner.

30.    Plaintiff was circumvented and ignored.

31.    Plaintiff was excluded from meetings and communications related to her job duties.

32.    Plaintiff was yelled at in front of other employees.

33.    In a meeting, Dylan Groce (male), Sales Manager, commented that Defendant did not want to hire women or "girls" because they could get "knocked up" and go out of work. Male employees in the meeting laughed and commented that Defendant should not hire women.

34.    Krimmel commented on numerous occasions that Plaintiff was a "boomer."

35.    Krimmel commented that Plaintiff was not "tech savvy."

36.    Krimmel delayed approving Plaintiff's paid time off requests and stated that, before approving her requests, he wanted to see if anyone else wanted to be out of the office at the same time. Plaintiff was not aware of Krimmel doing the same to male and/or younger employees.

37.    Krimmel forced Plaintiff to hire Account Executives that Plaintiff did not want to hire.

38.    Krimmel assigned younger and/or male employees extra accounts and assignments as compared to Plaintiff. This had a negative impact on her compensation.

39.    During interviews with potential candidates, Nick Shallers (male) commented on multiple occasions that Defendant liked to hire young people.

40.    Shallers commented that most of Defendant's Sales Representative employees were "young" and fun.

41.    Following the above, Plaintiff complained to Krimmel of Shallers' age-biased comments. Krimmel was dismissive and instructed Plaintiff to deal with it on her own.

42.    Shortly thereafter, Shallers, threw Plaintiff's notebook onto the ground during a training.

43.    On or about February 7, 2023, at a welcome dinner for Ferrer who had just been hired, Plaintiff was the only female employee out of fourteen (14) employees at the table.

44.    At the dinner, Ferrer asked Plaintiff if she was uncomfortable being the only woman. Plaintiff stated that it did not make her feel good to be the only woman at the table.

45.    In or about November 2023, in a sales team meeting in which Plaintiff was the only female employee, Dorian Foster (male), Sales Manager, commented, in the context of Thanksgiving turkeys, that what he made to put between those legs was really good, and that it was very tasty what was in between those legs.

46.    Plaintiff understood this comment to be of a sexual nature.

47.    Following the above, Plaintiff complained to Krimmel of Foster's sex-biased comments.

48.    Krimmel stated that he had to have a conversation with Foster about not talking like that during meetings.

49.    Defendant failed to remedy or prevent the discrimination against Plaintiff or take appropriate corrective action.

50.    On January 8, 2024, in a meeting with Krimmel and Jessica Rand, Human Resources Business Partner, Defendant terminated Plaintiff's employment, effective immediately.

51.    Plaintiff stated that she did not understand, as her sales numbers were better than any of the other employees reporting to Krimmel.

52.    Krimmel stated that Plaintiff's termination was not about performance, but about the future of Defendant.

53.    At the time of Plaintiff's termination, Defendant offered no explanation as to why Defendant terminated Plaintiff's employment.

54.    At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, directly reported to Krimmel:

    a.  Richard Barrett (male, YOB: 1993), Sales Manager;

    b.  Max Tideman (male, YOB: 1991), Sales Manager;

    c.  Dylan Groce (male, YOB: 1993), Sales Manager;

    d.  Kyle Ferretti (male, YOB: 1986), Sales Manager;

    e.  Nick Shallers (male, YOB:1972), Sales Manager;

    f.  Dorian Foster (male, YOB:1974), Sales Manager;

    g.  Jorge Laynes (male, YOB: 1972), Sales Manager.

55.    Only one other Sales Manager, Tideman, was terminated at the time of Plaintiff.

56.    Each of the retained employees who were directly reporting to Krimmel was substantially younger and/or male and/or noncomplaining.

57.    Defendant retained male and/or younger and/or noncomplaining employees in positions for which Plaintiff was more qualified.

58.    Defendant retained less qualified male and/or younger and/or noncomplaining employees who were hired after Plaintiff.

59.    Defendant assigned Plaintiff's job duties to substantially younger and/or male and/or noncomplaining employees, including Shallers.

60.    At the time of Plaintiff's termination, Defendant also terminated two female Account Executives who reported to Plaintiff:  Victoria Jackson and Aysylu Ismagilova.

61.    Defendant has an underrepresentation of female employees, especially in high level Sales positions.

62.    Defendant's comments and conduct evidence a bias against older and/or female and/or complaining employees.

63.    On or about June 24, 2024, Plaintiff applied for a posted Senior Sales Manager position with Defendant.

64.    Plaintiff was qualified for the Senior Sales Manager position, as she had held it prior to her termination.

65.    On or about July 24, 2024, Plaintiff received an email from Amber Hara, Sales Recruiter, stating that the next step was scheduling a call regarding the Senior Sales Manager position.

66.    Hara instructed Plaintiff to schedule a call with her using "the following link" but did not provide any link that Plaintiff could click to schedule a call with her.

67.    On or about July 24, 2024, in a response email to Hara, Plaintiff stated that there was no link with which to schedule the call.

68.    Plaintiff received no response to her email to Hara.

69.    Defendant failed to interview Plaintiff or select Plaintiff for the Senior Sales Manager position for which she was qualified and had applied.

70.    Plaintiff's sex was a motivating and determinative factor in Defendant's decision to terminate her employment.

71.    Plaintiff's age was a motivating and determinative factor in Defendant's decision to terminate Plaintiff's employment.

72.    Plaintiff's combinations of age/sex was a motivating and determinative factor in Defendant's decision to terminate her employment.

73.    Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendant's decision to terminate her employment.

74.    Plaintiff's sex was a motivating and determinative factor in Defendant's decision not to interview her for or hire her into the position of Senior Sales Manager.

75.    Plaintiff's age was a motivating and determinative factor in Defendant's decision not to interview her for or hire her into the position of Senior Sales Manager.

76.    Plaintiff's combinations of age/sex was a motivating and determinative factor in Defendant's decision not to interview her for or hire her into the position of Senior Sales Manager.

77.    Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendant's decision not to interview her for or hire her into the position of Senior Sales Manager.

78.    Plaintiff's age, sex, combination of age/sex and/or engaging in protected activity were motivating and determinative factors in Defendant's decision not to retain/hire Plaintiff into any open position for which she was qualified.

79.    Plaintiff's age, sex, combination of age/sex and/or engaging in protected activity were motivating and determinative factors in the discriminatory and retaliatory treatment alleged herein.

80.    Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

81.    Plaintiff's sex and/or age and/or a combination of sex/age and/or engaging in protected activity were motivating and determinative factors in the hostile work environment to which Plaintiff was subjected.

82.    The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

83.    Defendant's conduct following Plaintiff's engaging in protected activity would dissuade a reasonable person from making complaints.

84.    Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free from discriminatory and retaliatory conduct.

85.    As a direct and proximate result of the discriminatory, harassing, and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of

earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

86.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

87.    Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## **COUNT I – Title VII**

88.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

89.    By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated Title VII.

90.    Defendant acted with malice and/or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

91.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

92.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

93.    No previous application has been made for the relief requested herein.

## **COUNT II – ADEA**

94.    Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

95.    By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated the ADEA.

96.    Defendant's violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

97.    As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

98.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

99.    No previous application has been made for the relief requested herein.

## COUNT III - PHRA

100.    Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

101.    By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendant violated the PHRA.

102.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

103.    Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

104.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.    declaring the acts and practices complained of herein to be a violation of Title VII;

b.    declaring the acts and practices complained of herein to be a violation of the ADEA;

c.    declaring the acts and practices complained of herein to be a violation of the PHRA;

d.    enjoining and restraining permanently the violations alleged herein;

e.    awarding Plaintiff back-pay;

f.    awarding Plaintiff front-pay;

g.    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

h.    awarding liquidated damages;

i.    awarding punitive damages;

j.    awarding Plaintiff attorneys fees and costs;

k.    awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA, and PHRA;

l.    entering judgment against Defendant in favor of Plaintiff in an amount to be determined;

l.    granting such other and further relief as this Court deems just, proper, or equitable.


**CONSOLE MATTIACCI LAW, LLC**

By:

*/s/ Lane J. Schiff*
LANE J. SCHIFF, ESQ.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
schiff@consolelaw.com

*Attorneys for Plaintiff*

Dated:  December 10, 2025

12

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:                          :
                                      :
**LINDA QUINLAN**                     :          Docket No.
                                      :
v.                                    :
                                      :
RESPONDENT:                           :
                                      :
**SEMRUSH INC.**                      :
                                      :

1. The Complainant herein is:

   Name:            Linda Quinlan

   Address:         REDACTED
                    Horsham, PA 19044

2. The Respondent herein is:

   Name:            Semrush Inc.

   Address:         3800 Horizon Blvd, Suite 401
                    Trevose, PA 19053

3. I, Linda Quinlan, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (56), my sex (female), and/or the combination of my age and

sex ("age/sex") and retaliation because of my engaging in protected activity, as set forth below.

### Discrimination and Retaliation

   **A. I specifically allege:**

   [1]      I was hired by Respondent on or about February 8, 2021.

   [2]      My birth date is August 2, 1967.

[3]        I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]        I last held the position of Sales Manager.

[5]        I last reported to Jared Krimmel (male, 49[1]), Vice President of Sales. Krimmel reported to Channing Ferrer (male, 46), Chief of Sales.

[6]        Respondent has an underrepresentation of female employees, especially in high level Sales positions.

[7]        I was the oldest employee directly reporting to Krimmel.

[8]        I was the only female employee reporting directly to Krimmel.

[9]        I was treated differently and worse and in a more hostile and dismissive manner than male and/or younger employees were treated.

[10]       I was circumvented.

[11]       I was ignored.

[12]       I was excluded from meetings and communications related to my job duties.

[13]       I was yelled at in front of other employees.

[14]       In a meeting, Dylan Groce (male, 33), Sales Manager, commented that Respondent did not want to hire women or "girls" because they could get "knocked up" and go out of work.  Male employees in the meeting laughed and commented that Respondent should not hire women.

[15]       Krimmel commented that I was a "Boomer."  I understood this comment to evidence of an age bias.

---

[1] All ages herein are approximations.

[16]    Krimmel commented that I was not "tech savvy."  I understood this comment to evidence of an age bias.

[17]    Nick Shallers (male, 49), Sales Manager, threw my notebook onto the ground during a training.

[18]    During interviews with potential candidates, Shallers commented that Respondent liked to hire young people.

[19]    Shallers commented that most of Respondent's Sales Representative employees were "young" and fun.

[20]    Following the above, I complained to Krimmel of Shallers' age biased comments.  Krimmel was dismissive and instructed me to deal with it on my own.

[21]    In February 2022, Respondent hired Max Tideman (male, 32), Sales Manager.

[22]    In December 2022, Respondent hired Jorge Laynes (male, 51), Sales Manager.

[23]    In December 2022, Respondent hired Dorian Foster (male, 51), Sales Manager.

[24]    In February 2023, I began reporting indirectly to Ferrer.

[25]    On February 7, 2023, at a welcome dinner for Ferrer, I was the only female employee out of fourteen (14) employees at the table.  Ferrer asked me if I was uncomfortable being the only woman.  I said no, but stated that it did not make me feel good to be the only woman at the table.  Ferrer stated that he understood if I was uncomfortable being the only woman, and stated that he wanted change that.

[26]     In March 2023, Respondent promoted Richard Barrett (male, 30) to Sales Manager.

[27]     Krimmel delayed approving my paid time off request and stated that, before approving my request, he wanted to see if anyone else wanted to be out of the office at the same time. I was not aware of Krimmel doing the same to male and/or younger employees.

[28]     In November 2023, in a sales team meeting, in which I was the only female employee, Foster commented, in the context of Thanksgiving turkeys, that what he made to put between those legs was really good, and that it was very tasty what was in between those legs. I understood this comment to be of a sexual nature.

[29]     Following the above, I complained to Krimmel of Foster's sex biased comments. Krimmel stated that he had to have a conversation with Foster about not talking like that during meetings.

[30]     On January 8, 2024, in a meeting with Krimmel and Jessica Rand (female, 39), Human Resources Business Partner, Respondent terminated my employment, effective immediately. I stated that I did not understand, as my sales numbers were better than any of the other employees reporting to Krimmel. Krimmel stated that my termination was not about performance, but about the future of Respondent.

[31]     Respondent offered no explanation, including the selection criteria, as to why I was terminated and younger and/or male and/or noncomplaining employees were retained.

[32]     Respondent terminated my employment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[33]     Respondent subjected me to a hostile work environment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[34]     Respondent failed to remedy or prevent the age and sex discrimination and retaliation against me.

[35]     Respondent failed to investigate my complaints of age and sex discrimination.

[36]     At the time of my termination, the following employees, in addition to me, were directly reporting to Krimmel.  I was more qualified for each of these employees' positions.

     a.   Richard Barrett (male, 30), Sales Manager;

     b.   Max Tideman (male, 32), Sales Manager;

     c.   Dylan Groce (male, 32), Sales Manager;

     d.   Kyle Ferretti (male, 37), Sales Manager;

     e.   Nick Shallers (male, 49), Sales Manager;

     f.   Dorian Foster (male, 51), Sales Manager;

     g.   Jorge Laynes (male, 51), Sales Manager.

[37]     My sales numbers were better than all other employees reporting to Krimmel.

[38]     Each of the retained employees who were directly reporting to Krimmel was substantially younger and/or male and/or noncomplaining.

[39]     Respondent retained male and/or younger and/or noncomplaining employees in positions for which I was more qualified.

[40]     Respondent retained less qualified male and/or younger and/or noncomplaining employees who were hired after me.

[41]     Respondent assigned my job duties to substantially younger and/or male and/or noncomplaining employees, including Shallers (male, 49).  I was more qualified to

perform my job duties than the substantially younger and/or male and/or noncomplaining employees, including Shallers, to whom Respondent assigned my job duties.

[42]    I had no disciplinary or performance issues throughout my employment.

[43]    The following female employees, in addition to me, were recently terminated and/or pushed out.

      a.  Victoria Jackson (female, 58), Account Executive;

      b.  Aysylu Ismagilova (female, 40), Account Executive.

[44]    Respondent's comments and conduct evidence a bias against older and/or female and/or complaining employees.

[45]    Respondent's age, sex, and age/sex discrimination and retaliation against me has caused me emotional distress.

[46]    **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are female, and who have been discriminated against based on sex in connection with hiring, promotion, demotion, position selection, being subjected to a hostile work environment, compensation, training, leadership, development, and termination decisions.**

[47]    **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age (including intentional age discrimination and disparate impact on older workers) in connection with hiring, promotion, demotion, position selection, being subjected to a hostile work environment, compensation, training, leadership, development, and termination decisions.**

**B.** Respondent has discriminated against me because of my sex (female), age (56), and a combination of my sex and age ("sex/age"), and retaliated against me because of my engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

　　　　**X**　　　**Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a); (d)__**

　　　　____　　　Section 5.1 Subsection(s) _____

　　　　____　　　Section 5.2 Subsection(s) _____

　　　　____　　　Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

　　　　**X**　　　**This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

3-14-24
_____
(Date Signed)

_____
(Signature)    Linda Quinlan
REDACTED
Horsham, PA 19044

# EXHIBIT 2

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**<u>SECOND COMPLAINT</u>**

_____
                                                        :
COMPLAINANT:                          :
                                                        :
**LINDA QUINLAN**                      :            Docket No.
                                                        :
v.                                                    :
                                                        :
RESPONDENT:                           :
                                                        :
**SEMRUSH INC.**                       :
_____:

1.  The Complainant herein is:

   Name:            <u>Linda Quinlan</u>

   Address:        REDACTED
                         Horsham, PA 19044

2.  The Respondent herein is:

   Name:            <u>Semrush Inc.</u>

   Address:        3800 Horizon Blvd, Suite 401
                         Trevose, PA 19053

3.  I, <u>Linda Quinlan</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (57), my sex (female), and/or the combination of my age and sex ("age/sex") and retaliation because of my engaging in protected activity, as set forth below.

**<u>Discrimination and Retaliation</u>**

   **A.  I specifically allege:**

   [1]            On March 28, 2024, I filed my first Complaint with the PHRC.

[2]        Following the above, a copy of my filed PHRC Complaint was sent to Respondent.

[3]        On June 24, 2024, I applied for the posted Senior Sales Manager position. I was qualified for the position, as I had held the position before Respondent terminated my employment.

[4]        On July 24, 2024, an email from Amber Hara, Sales Recruiter, she stated that the next step was scheduling a call regarding the Senior Sales Manager position.  She instructed me to schedule a call with her using "the following link" but did not provide any link that I could click to schedule a call with her.

[5]        On July 24, 2024, in a response email to Hara, I stated that there was no link with which to schedule the call.

[6]        I received no response to my above email.

[7]        Respondent failed to interview me or select me for the Senior Sales Manager position for which I was qualified and had applied.

[8]        Respondent failed to interview me or select me for the Senior Sales Manager position for which I was qualified and had applied because of my sex and/or my age and/or age/sex and/or my engaging in protected activity and/or my having filed a PHRC Complaint.

[9]        Respondent failed to interview me or select me for any open position for which I was qualified because of my sex and/or my age and/or age/sex and/or my engaging in protected activity and/or my having filed a PHRC Complaint.

[10]      Respondent's age, sex, and age/sex discrimination and retaliation against me has caused me emotional distress.

**B.** Respondent has discriminated against me because of my sex (female), age (57), and a combination of my sex and age ("sex/age"), and retaliated against me because of my engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

  **X**        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d)**

\_\_\_\_        Section 5.1 Subsection(s) _____

\_\_\_\_        Section 5.2 Subsection(s) _____

\_\_\_\_        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

  **X**        **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

9-4-24

(Date Signed)

(Signature)   Linda Quinlan

REDACTED

Horsham, PA 19044

# EXHIBIT 3

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**  Linda Quinlan
REDACTED
Horsham, PA 19044

**Re:**  Linda Quinlan v. Semrush Inc.
EEOC Charge Number:  17F-2024-60588

EEOC Representative and email:   State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  9/15/2025

Karen McDonough
Deputy District Director

cc:      For Respondent                          For Charging Party
Jennifer Capozzola                    Emily R Derstine Friesen
Littler Mendelson, P. C.             Console Mattiacci Law
1601 Cherry St., Suite 1400       1525 Locust Street, 9th Floor
Philadelphia, PA 19102             Philadelphia, PA 19102

# EXHIBIT 4

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   Linda Quinlan
          REDACTED
          Horsham, PA 19044

**Re:**   Linda Quinlan v. Semrush Inc.
          EEOC Charge Number:  17F-2024-60897

EEOC Representative and email:    State Local and Tribal Program Manager
                                  PHLSTATEANDLOCAL@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  9/15/2025

Karen McDonough
Deputy District Director

cc:    For Respondent                         For Charging Party
       Jennifer Capozzola                     Emily R Derstine Friesen
       Littler Mendelson, P. C.               Console Mattiacci Law, LLC
       1601 Cherry St., Suite 1400            1525 Locust Street, 9th Floor
       Philadelphia, PA 19102                 Philadelphia, PA 19102